IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHIRLEY JEAN CHO,<br><br>                  Plaintiff,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | Case No. 3:24-cv-00152-SLG |

## **ORDER RE PENDING MOTIONS**

Before the Court are several motions. At Docket 9 is Plaintiff Shirley Jean Cho's Motion to Remove USA District Attorney from the Defendant Bonnie Kelley. Defendant United States of America ("the United States") responded in opposition at Docket 15. At Docket 10 is Ms. Cho's Motion for Recusal. The United States did not respond to this motion. At Docket 11 is the United States' Motion for Extension of Time to File. And at Docket 13 is the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim. Ms. Cho did not respond to either of the motions at Dockets 11 and 13.

## **BACKGROUND**

This is an action in which Ms. Cho, a self-represented litigant, alleges that Bonnie Kelly bullied her and prevented her from taking the Veterans Administration ("VA") shuttle bus.[1] Ms. Cho originally filed her case in Alaska District Court.[2]

---

[1] Docket 1-1.

[2] Docket 1-1.

However, the United States removed the case to federal court.[3] In its removal notice, the United States identified the defendant as Bonnie Kelley-Heustess and certified that Ms. Kelley-Heustess is "deemed to be an employee of the federal government entitled to coverage and protection within the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80"[4] and that the United States must be substituted as the defendant in this case.[5]

## LEGAL STANDARDS

### I. The Federal Tort Claims Act and Subject Matter Jurisdiction

The United States has certified that Defendant Kelley-Heustess is a federal employee. Federal law provides for special procedures when a plaintiff sues a federal employee. The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."[6] Additionally, "[t]he Westfall Act provides a procedure by which the federal government determines whether an employee is entitled to immunity."[7] Under the Act, the Attorney General of the United States may certify "that the defendant employee was acting within the scope of his office or

---

[3] Docket 1.

[4] Docket 3 at 2.

[5] Docket 1 at ¶¶ 4–5.

[6] *Osborn v. Haley,* 549 U.S. 225, 229 (2007).

[7] *Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017).

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 2 of 10
Case 3:24-cv-00152-SLG   Document 16   Filed 10/21/24   Page 2 of 10

employment at the time of the incident out of which the claim arose. . . ."[8] When the Attorney General or their representative certifies that this is the case, any civil action in state court "shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending" and the "United States shall be substituted as the party defendant."[9] This "transforms an action against an individual federal employee into one against the United States."[10] The employee is released from liability, but the United States may be held responsible for the employee's conduct. In this case, the United States Attorney for the District of Alaska certified that Ms. Kelley-Heustess was covered by the Westfall Act, removed the case to federal court, and the United States was substituted as the defendant.[11]

The United States, as a sovereign nation, "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[12] "An action can be brought by a party against the United States only to the extent that the Federal Government waives

---

[8] 28 U.S.C. § 2679(d)(2).

[9] 28 U.S.C. § 2679(d)(2).

[10] *Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

[11] *See* Docket 3.

[12] *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 3 of 10
Case 3:24-cv-00152-SLG    Document 16    Filed 10/21/24    Page 3 of 10

its sovereign immunity."[13] The Federal Tort Claims Act ("FTCA") provides a limited waiver of the United States' immunity from suit, allowing claims for certain "negligent or wrongful act[s] or omission[s]" perpetrated by "any employee of the Government while acting within the scope of his [or her] employment . . . in accordance with the law of the place where the act or omission occurred."[14]

However, "before an individual can file an action against the United States in district court, [they] must seek an administrative resolution of [their] claim."[15] An individual may file suit only after their claim is finally denied by the appropriate agency or six months elapses.[16] Until a plaintiff administratively exhausts their claim, they have not complied with the FTCA and invoked its limited waiver of the United States' sovereign immunity. Thus, a federal court must dismiss tort claims against the United States or eligible federal agencies for lack of subject matter jurisdiction where the plaintiff fails to affirmatively allege that she has exhausted her administrative remedies.[17]

---

[13] *Blackburn v. United States,* 100 F.3d 1426, 1429 (9th Cir. 1996).

[14] 28 U.S.C. § 1346(b).

[15] *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); 28 U.S.C. § 2675(a) (1988).

[16] 28 U.S.C. § 2675(a).

[17] 28 U.S.C. § 2675(a); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (where a pro se plaintiff filed suit four months before filing his administrative claim, the Supreme Court unanimously held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 4 of 10
Case 3:24-cv-00152-SLG   Document 16   Filed 10/21/24   Page 4 of 10

## II. Motion to Dismiss for Failure to State a Claim

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]

## DISCUSSION

### I. Motion to Remove USA District Attorney from the Defendant Bonnie Kelley

Ms. Cho asks the Court to "remove [the] USA attorney representing Bonnie Kelly."[19] She asserts that "[s]he never stood up for me ever," "she did not like me," and "[s]he is a bal[d]-faced liar."[20] The United States responds that disqualification of counsel is not appropriate because Ms. Cho has not made any allegation that the U.S. Attorney's Office has not handled this case properly.[21]

The Court interprets Ms. Cho's motion as an objection to the substitution of the United States as the party-defendant for Ms. Kelley-Heustess.[22] However, as explained above, the United States has certified that Ms. Kelley-Heustess is a

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] Docket 9 at 1.

[20] Docket 9 at 1.

[21] Docket 15 at 1–2.

[22] The Court reads Ms. Cho's use of "she" to refer to Ms. Kelley-Heustess.

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 5 of 10
Case 3:24-cv-00152-SLG    Document 16    Filed 10/21/24    Page 5 of 10

federal employee and therefore is properly substituted for Ms. Kelley-Heustess as the defendant in this action.

A party can challenge the United States' certification decision under the Westfall Act. "[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence."[23] Ultimately, a party challenging the certification must "allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment."[24] Ms. Cho has not alleged facts that establish Ms. Kelley-Heustess acted outside the scope of her employment. Ms. Cho's assertions that "[s]he never stood up for me ever," "she did not like me," and "[s]he is a bal[d]-faced liar" do not indicate that Ms. Kelley-Heustess acted outside the scope of her employment.[25] Therefore, Ms. Cho's motion is DENIED.

## II.  Motion to Recuse Judge Chung

Next, Ms. Cho moves that Judge Chung be recused from this case because "Judge Chung let 20 days pass by for the Defendant without any response."[26] The United States did not respond.

---

[23] *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) (alteration in original) (quoting *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).

[24] *Id.* at 889 (citation omitted).

[25] Docket 9 at 1.

[26] Docket 10 at 1.

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 6 of 10
Case 3:24-cv-00152-SLG   Document 16   Filed 10/21/24   Page 6 of 10

This motion is DENIED AS MOOT. Ms. Cho's original state court case was removed and is now pending in federal court. Judge Chung, who the Court presumes was the state court judge originally assigned to Ms. Cho's case, is no longer presiding over this matter. As a result, the Court cannot grant Ms. Cho's request to recuse Judge Chung.

### III. The United States' Motion for Extension of Time to File

The United States moves for an extension of time to file their motion to dismiss, which they later filed at Docket 13. Here, there is no prejudice or delay that results from the requested extension.[27] The United States' motion is therefore GRANTED and the motion to dismiss is accepted as filed at Docket 13.

### IV. The United States' Motion to Dismiss

Finally, the United States moves to dismiss Ms. Cho's complaint for lack of subject matter jurisdiction and for failure to state a claim.[28] Specifically, the United States asserts that Ms. Cho's claims are barred because she did not file an administrative claim with the appropriate agency and exhaust that process before filing in court.[29] Alternatively, the United States contends that Ms. Cho's complaint fails to state a claim because it lacks specific facts that explain what rights she

---

[27] *See* Fed. R. Civ. P. 12(a)(3) (allowing 60 days from service for the United States, its agencies, and employees to respond to a complaint); Docket 1 (complaint filed June 12, 2024),

[28] Docket 13.

[29] Docket 13 at 4–7.

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 7 of 10
Case 3:24-cv-00152-SLG   Document 16   Filed 10/21/24   Page 7 of 10

believes the United States violated and how they did so.[30] Ms. Cho did not respond in opposition to this motion.

As the Court has discussed, "before an individual can file an action against the United States in district court, [they] must seek an administrative resolution of [their] claim."[31] Thus, a federal court must dismiss tort claims against the United States or eligible federal agencies for lack of subject matter jurisdiction where the plaintiff fails to affirmatively allege exhaustion of administrative remedies.[32] Ms. Cho offers no facts suggesting she exhausted her administrative remedies through the "appropriate Federal agency"[33] before filing the instant action. Therefore, this Court lacks subject matter jurisdiction and must dismiss Ms. Cho's claim.

However, the Court will grant Ms. Cho leave to amend her complaint. **Within 30 days of this order**, Ms. Cho must file a new complaint that includes (1) proof that she submitted an administrative claim to the Veteran's Administration and that this claim was denied or six months elapsed and (2) the date of this denial.

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

---

[30] Docket 13 at 7–8.

[31] *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); 28 U.S.C. § 2675(a) (1988).

[32] 28 U.S.C. § 2675(a); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (where a pro se plaintiff filed suit four months before filing his administrative claim, the Supreme Court unanimously held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

[33] 28 U.S.C. § 2675(a).

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 8 of 10
Case 3:24-cv-00152-SLG   Document 16   Filed 10/21/24   Page 8 of 10

1.   Plaintiff's Motion to Remove USA District Attorney from the Defendant Bonnie Kelley at Docket 9 is DENIED.

2.   Plaintiff's Motion for Recusal at Docket 10 is DENIED AS MOOT.

3.   The United States' Motion for Extension of Time to File at Docket 11 is GRANTED.

4.   The United States' Motion to Dismiss at Docket 13 is GRANTED.  Ms. Cho's Complaint is DISMISSED WITH LEAVE TO AMEND.  Ms. Cho must file an amended complaint within **30 days of this order** that corrects the deficiency identified in this order. Failure to do so may result in the dismissal of this case without further notice to Ms. Cho.

DATED this 21st day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00152-SLG, *Cho v. United States*
Order re Pending Motions
Page 9 of 10
Case 3:24-cv-00152-SLG     Document 16     Filed 10/21/24     Page 9 of 10